UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES MICHAEL CUNNINGHAM, | Case No. 10-13409 |
| Plaintiff, | Gerald E. Rosen |
| vs. | United States District Judge |
| MEC ENTERPRISES, INC., *et al.*, | Michael Hluchaniuk |
| Defendants. | United States Magistrate Judge |
| _____/ | |

**REPORT AND RECOMMENDATION**
**MOTION TO DISMISS (Dkt. 11)**

**I.   PROCEDURAL HISTORY**

Plaintiff filed a complaint on August 26, 2010, alleging claims of breach of contract, promissory estoppel, unjust enrichment, tortious interference, and misrepresentation.  (Dkt. 1).  Defendant MEC Enterprises filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6).  (Dkt. 11).  Plaintiff filed a response on December 23, 2010.  (Dkt. 14).  MEC filed a reply on January 13, 2011.  (Dkt. 16).  District Judge Gerald E. Rosen referred this motion to the undersigned for report and recommendation.  (Dkt. 13).  On February 24, 2011, the parties submitted a joint statement of resolved and unresolved issues.  (Dkt. 18).  Pursuant to notice, the undersigned held a hearing on March 3, 2011.  (Dkt. 15).  This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED** in part, without prejudice, as to the contract and tort claims pertaining to the alleged lease of real property located in the state of Tennessee. The undersigned has issued a separate order providing the parties notice under Federal Rule of Civil Procedure 12(d) that the remainder of defendant's motion to dismiss will be treated as a motion for summary judgment under Rule 56 and will be held in abeyance while the parties conduct limited discovery. (Dkt. 21)

## II.   FACTUAL BACKGROUND

Plaintiff's claims against defendant arise from two categories of contracts. The first category involves an alleged lease agreement for real property located in the state of Tennessee. According to plaintiff's complaint, the parties have a five year lease agreement for a Tennessee warehouse to store equipment for projects in Pennsylvania, Illinois, and Michigan. MEC has moved to dismiss this claim on several grounds, including improper venue. The second category of contracts involves plaintiff's claim that he is owed over $700,000 for work performed based on a verbal agreement (and invoiced on a job-by-job basis) for work done at various sites in the state of Michigan.

## III.   ANALYSIS AND CONCLUSIONS

On a motion to dismiss for improper venue under Rule 12(b)(3), the plaintiff

bears the burden of establishing that venue is proper. *Pioneer Surgical Technology v. Vikingcraft Spine, Inc.*, 2011 WL 64239, *2 (W.D. Mich. 2011); *see also J4 Promotions, Inc. v. Splash Dogs*, *LLC*, 2009 WL 385611, at *25 (N.D. Ohio 2009) ("When a defendant seeks to dismiss a claim for improper venue pursuant to Fed.R.Civ.P. 12(b)(3), plaintiff bears the burden of proving that venue is proper."). "[T]he court may examine facts outside of the complaint but 'must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff.'" *Receiver of the Assets of Mid-Am. Energy*, *Inc. v. Coffman*, 719 F.Supp.2d 884, 890-891 (M.D. Tenn. 2010) (citation omitted). The plaintiff must show that venue is "proper for each claim and as to each defendant in order for the court to retain the action." *Verbis v. Iowa Dep't of Human Servs.*, 18 F.Supp.2d 770, 774 ( W.D. Mich. 1998); *see also Pioneer*, *2, quoting, *Shuman v. Computer Assocs. Int'l*, *Inc.*, 762 F.Supp. 114, 115 (E.D. Pa. 1991) ("In a case in which multiple defendants are joined, proper venue must be established as to each defendant. Similarly, in a case in which multiple claims are joined, venue must be proper for each claim.") (internal citations omitted).

Proper venue requires that "a substantial part of the events or omissions giving rise" to plaintiff's claims must have occurred in this district. *Pioneer*, at *2. Section 1391(a)(2) does not require a plaintiff to file its complaint in the district where the most substantial events giving rise to the claim occurred; rather, venue is

proper in "any forum with a substantial connection to the plaintiff's claim." *Id.*, quoting, *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998). Venue may thus be proper in two or more districts, even when most of the events occurred in one of the districts. *Id.*, citing, *Setco Enters. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir. 1994) (noting that a court is not to "ask which district among two or more potential forums is the 'best' venue" in determining whether a particular venue is proper). "Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Pioneer*, at *2, quoting, *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994). Therefore, "courts often focus on the relevant activities of the defendant, rather than the plaintiff, in determining where a substantial part of the underlying events occurred." *Id.*, quoting, *Abramoff v. Shake Consulting, L.L.C.*, 288 F.Supp.2d 1, 4 (D. D.C. 2003), citing, *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371-72 (11th Cir. 2003).

  Defendant argues that venue in Michigan is improper. First, given that plaintiff's complaint concedes that defendants do not reside all in one state, venue in Michigan is not proper under § 1391(a)(1). Second, the leased premises are in Tennessee and the complaint makes no allegation that the lease was executed or negotiated in Michigan, thus Michigan is not a proper venue under § 1391(a)(2). Third, § 1391(a)(3) only applies if there is no district in which the action may

otherwise be brought, which MEC argues is not the case here because the action could plainly be brought in Tennessee, where the real property is located and the complaint alleges that Tennessee law governs the lease agreement.

According to plaintiff, because a substantial part of the events giving rise to the claims in the complaint occurred in Michigan, then venue is proper as to all claims in Michigan. In support of his argument, plaintiff points to allegations in the complaint pertaining to the installation jobs performed in Michigan. (Dkt. 14, p. 22). Plaintiff also alleges that equipment for the Michigan jobs was stored at the warehouse in Tennessee and hauled from Tennessee to Michigan. Plaintiff also argues that if § 1391(a)(2) is not applicable, then venue is proper under § 1391(c) because MEC is subject to personal jurisdiction and there is no other district in which the action may otherwise be commenced. Plaintiff's counsel conceded that, for § 1391(c) to apply, there must be no other venue where the claim could properly be brought.

In the view of the undersigned, plaintiff has not met his burden of establishing that venue is proper in Michigan as to claims for breach of the lease agreement and related tort claims. According to the complaint, plaintiff and defendant Svetlick (on behalf of MEC) executed a 5 year lease agreement on January 15, 2008. (Dkt. 1, ¶ 36). Nothing in the eleven page lease agreement connects the lease to Michigan. The lease agreement does not mention the work

being performed in Michigan or any of the projects at issue in this case. Moreover, plaintiff's complaint makes no allegations that any of the alleged misrepresentations or other events giving rise to his tort claims relating to the lease agreement occurred in Michigan. Plaintiff offered no evidence in response to the motion to dismiss to tie the lease claims to Michigan or the work being performed in Michigan, other than that equipment being stored in Tennessee was used at the Michigan job sites (along with the Illinois and Pennsylvania sites). Simply, plaintiff has not shown that a substantial part of the event of omissions giving rise to his breach of the lease agreement claim or the related tort claims occurred *in Michigan*. Thus, Michigan is not a proper venue for these claims.

In addition, the undersigned is not persuaded by plaintiff's assertion of judicial efficiency as a basis for venue. Nothing in the statute or case law supports allowing an otherwise improperly venued claim to go forward simply based on efficiency or economy. Indeed, the case law is to the contrary. As this Court held long ago, the "broad language of the Rules of Civil Procedure on joinder of claims and remedies, as well as parties, Rules 18 and 20, is limited by Rule 82[1] providing that the Rules of Civil Procedure shall not be construed to extend or limit the jurisdiction of the district courts or the venue of actions therein." *Square D Co. v.*

---

[1] Rule 82 provides in pertinent part: "These rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts."

*United Elec., Radio and Mach. Workers of America*, 123 F.Supp. 776, 782 (E.D. Mich. 1954); *see also U.S. ex rel. Fry v. Guidant Corp.*, 2006 WL 1102397 (M.D. Tenn. 2006) (same). Plaintiff cannot avoid the terms of the venue statute by joining all of his claims against defendant in one action where only some of those claims are properly brought in Michigan. *See e.g.*, *Verbis*, 18 F.Supp.2d at 774.[2]

## IV.  RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED** in part, without prejudice, as to contract and tort claims pertaining to the alleged lease of real property located in the state of Tennessee. The undersigned has issued a separate order providing the parties notice under Federal Rule of Civil Procedure 12(d) that the remainder of defendant's motion to dismiss will be treated as a motion for summary judgment under Rule 56 and will be held in abeyance while the parties conduct limited discovery as outlined in that order. (Dkt. 21).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right

---

[2] Given the foregoing recommendation regarding the impropriety of venue, the remaining arguments posited by defendant as to the lease-related claims need not be addressed.

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 20, 2011

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on April 20, 2011I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: <u>Elizabeth L. Sokol, T. Scott Galloway, Colleen E. Tower, Rebecca D. O'Reilly, and Thomas P. VanDusen</u>.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov
