UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MICHAEL CUNNINGHAM,           Case No. 10-13409

        Plaintiff,                          Gerald E. Rosen
vs.                                          United States District Judge

MEC ENTERPRISES, INC., *et al.*,             Michael Hluchaniuk
                                             United States Magistrate Judge
        Defendants.
        _____/

**REPORT AND RECOMMENDATION**
**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Dkt. 28)**

**I.     RELEVANT FACTS**

Plaintiff alleges generally that he is a resident of the State of Tennessee and that sometime in March of 2008 he began to perform certain services, related to the installation of ATM machines, for defendant MEC Enterprises, Inc., doing business as Financial Business Services (FBS), a Florida corporation.  These services were to be performed in the states of Michigan, Illinois, and Pennsylvania. Plaintiff also alleges that he entered into a lease agreement with FBS which involved providing certain warehouse facilities for FBS in Tennessee pursuant to a written lease that was signed by a representative of FBS, Renee Svetlick, who plaintiff alleges was a "regional manager" for FBS at the time.  Svetlick resided in North Carolina.  Although there was no written contract between plaintiff and FBS

relating to the work associated with the installation of the ATMs, plaintiff alleges that he made the verbal agreement for doing the work with Svetlick who would process the invoices for him when the work at each location was completed and submit it to others in FBS for payment.

Plaintiff continued to perform these services for FBS until July of 2008 when he stopped because of the "large number of unpaid invoices." (Dkt. 1, ¶ 60, Pg ID 9). Plaintiff claims to have performed these services related to the installation of ATM machines at "more than (40) job sites throughout the State of Michigan." (Dkt. 1, ¶ 51, Pg ID 8).

## II.     PROCEDURAL HISTORY

The present complaint was filed on April 20, 2011. (Dkt. 1). The complaint alleges breach of contract and tort claims against FBS arising out of the work installing the ATMs for FBS and for breach of contract and tort claims as to the warehouse lease in Tennessee. The complaint also alleges tort claims against Svetlick based on fraudulent misrepresentation (Count V), silent misrepresentation (Count VIII), tortious interference with contractual relationships (Count IX), and tortious interference with business relationships (Count X). Svetlick was served with a copy of the complaint on September 29, 2010. (Dkt. 7). A default was entered against Svetlick on October 26, 1010. (Dkt. 10). Defendant FBS filed a motion to dismiss on November 17, 2010. (Dkt. 11). The motion to dismiss

alleged that plaintiff and Svetlick had a personal relationship, in fact Svetlick was alleged to be plaintiff's "paramour," and that the two of them "conspired" to defraud FBS by "submitting grossly inflated, and sometimes duplicate, invoices for standard sub-contractor work " which plaintiff was not licensed for. FBS also alleged that when the fraud was discovered they stopped paying for the work done by plaintiff.  The motion went on to assert defenses by FBS to the claims in the complaint based on: (1) plaintiff was not licensed to perform the work he did and therefore is not entitled to be paid for it, (2) plaintiff had previously released a portion of the claim, (3) claims relating to the alleged lease were barred by the statute of frauds, (4) a portion of the claim relating to the warehouse was barred because plaintiff had leased it to someone else, and (5) venue for claims associated with the warehouse was not properly in Michigan.

     Plaintiff filed a response to the motion to dismiss and although plaintiff denied defrauding FBS, he did not deny having a personal relationship with Svetlick.  A Report and Recommendation relating to the motion to dismiss was filed on April 20, 2011, and it recommended that venue for either contract or tort claims arising out of the warehouse lease was not properly in Michigan and therefore that portion of the complaint should be dismissed but that other aspects of the motion should be treated as a motion for summary judgment and addressed after limited discovery was undertaken.  (Dkt. 22).  On May 16, 2011, the Report

and Recommendation was adopted by Judge Rosen and those claims in the complaint were dismissed. (Dkt. 24).

The present motion for default judgment was filed on July 22, 2011. (Dkt. 28). Defendant FBS filed a motion for summary judgment on October 13, 2011. (Dkt. 32). The motion for summary judgement was responded to on November 3, 2011. (Dkt. 34). A hearing on that motion was held on January 18, 2012, and the motion was taken under advisement. A hearing on the present motion was held on February 27, 2012.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for default judgment be **DENIED**.

### III.   DISCUSSION

####   A.   Plaintiff's Claims Against Svetlick

The complaint alleges four claims against Svetlick. Count V alleges fraudulent misrepresentation in that Svetlick personally represented that FBS would pay certain fees for work done, that the payment for that work would be remitted in a timely manner, and that she was acting with the authority of FBS when she made these representations. (Dkt. 1, ¶ 112). The complaint further alleges that the representations were false when they were made, that Svetlick knew they were false, or they were made recklessly, and that it was intended that plaintiff rely on the representations. Count VIII alleges "silent" misrepresentation

by Svetlick in that plaintiff alleges that Svetlick had an "affirmative duty to use reasonable care in disclosing to [plaintiff] ... subsequently acquired information that rendered previous representations untrue and misleading" and that she "failed to inform [plaintiff] ... that she was not an authorized agent of FBS and that FBS was not going to pay him according to the terms that Svetlick previously communicated to [plaintiff].

     Count IX alleges tortious interference with a contract in that Svetlick, knowing a contract existed between FBS and plaintiff, "either failed to submit ... invoices she prepared for [plaintiff] to FBS's billing department or took other actions which resulted in [plaintiff] not being paid by FBS" and that such conduct "improperly interfered" with the contract of FBS and "was done maliciously and without justification for the purpose of invading [plaintiff] contractual rights." Count X alleges tortious interference with a business relationship or expectancy in that plaintiff stated there was a business relationship and expectancy with FBS, that the relationship "had a reasonable likelihood of future economic benefit for [plaintiff]," that Svetlick "either failed to submit ... the invoices she prepared for [plaintiff] to FBS's billing department or took other actions which resulted in [plaintiff]" not being paid, that these "actions improperly interfered with the business relationship, and that the "interference was improper and was done maliciously and without justification."

B.  <u>Legal Standards</u>

Plaintiff asserts that all his claims against Svetlick arise under the laws of the State of Michigan. Plaintiff construes Counts V and VIII as fraud claims and contends the elements of a fraud claim, under Michigan law, are: (1) a material representation; (2) the representation was false; (3) the false material representation was known to be false, or it was made recklessly; (4) the representation was made with the intention it would be acted upon; (5) the representation was acted on in reliance on it; and (6) damages were suffered.

With respect to Count IX, plaintiff maintains the elements of a tortious interference with a contract claim, under Michigan law, are (1) a contract; (2) a breach, and (3) instigation of the breach without justification by defendant. With respect to Count X, plaintiff maintains the elements of a tortious interference with a business relationship or expectancy are: (1) the existence of a valid business relation or expectancy; (2) knowledge of the relationship or expectancy by defendant; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) damages.

Defendant Svetlick has been defaulted in this matter and "[o]nce a default is entered against a defendant, that party is deemed to have admitted all the well pleaded allegations in the Complaint." *Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 846 (E.D. Mich. 2006). "Although the Court should accept as true the well-

pleaded factual allegations of the Complaint [after the default has been entered], the Court need not accept the moving party's legal conclusions or allegations relating to the amount." *Chanel v. Gordashevsky*, 558 F.Supp.2d 532, 535-36 (D. N.J. 2008). "Consequently, before granting a default judgment, the Court must first ascertain whether 'the unchallenged facts constitute a legitimate cause of[1] action, since the party in default does not admit mere conclusions of law.'" *Id*; *see also Psychopathic Records v Anderson*, 2010 WL 4683470 (E.D. Mich. 2010).

C.  Analysis and Conclusions

Counts V and VIII are fraud claims and fraud claims are subject to a heightened pleading standard. Complaints alleging fraud must comply with Rule 9(b)'s requirement that fraud be pled with particularity. *Chesbrough v. VPA*, 655 F.3d 461, 466 (6th Cir. 2011). "To plead fraud with particularity, the plaintiff must allege (1) 'the time, place, and content of the alleged misrepresentation,' (2) 'the fraudulent scheme,' (3) the defendant's fraudulent intent, and (4) the resulting injury." *Id*. at 467. In the present complaint, plaintiff only very generally alleges the time, place and content of alleged misrepresentation and does not allege

---

[1] While normally little scrutiny is given to motions for default judgments, this motion is made in the context of allegations by FBS that plaintiff was conspiring with defendant Svetlick to defraud FBS. Plaintiff has clearly denied allegations of fraud, but the circumstances here suggest that greater scrutiny should be given to plaintiff's request for a default judgment for a very large sum of money.

anything that could be viewed as a broader "fraudulent scheme." Simply claiming a false statement was made, even if it is alleged to have been knowingly made, does not satisfy Rule 9(b)'s need to allege a "fraudulent scheme." *Heavrin v. Nelson*, 384 F.3d 199, 203 (6th Cir. 2004). Counts V and VIII do not contain sufficient well-pleaded facts to constitute a legitimate cause of action for fraud.

Regarding Count IX, the tortious interference with a contractual relationship claim, the complaint alleges that Svetlick either failed to submit the invoice or "took some other actions which resulted in [plaintiff] not being paid by FBS." (Dkt. 1, Pg ID 24). While Svetlick may have admitted these "facts" by virtue of the default, the remainder of the allegations in Count IX constitute conclusions and the default does not admit conclusions. A party "'who alleges tortious interference with a contractual or business relationship must allege the intentional doing of a per se wrongful act or the doing of a lawful act with malice and unjustified in law for the purpose of invading the contractual rights or business relationship of another.'" *Tata Consultancy Services v. Systems International*, 31 F.3d 416, 422-23 (1994). Plaintiff has not alleged a wrongful act per se and has not identified a lawful act done with malice and unjustified in law in the complaint. Simply saying defendant took some unspecified action is not sufficient to properly state a claim.

In Count X, the tortious interference with a business relationship or expectancy claim, the complaint similarly alleges that Svetlick failed to submit the

invoices or "took some other actions" which resulted in plaintiff not being paid. (Dkt. 1, Pg ID 25). Similar to Count IX, these factual allegations may have been admitted but the remainder of the allegations in this count are conclusions and not admitted. Michigan law requires the same allegation here as was required in Count IX, that is an allegation of a per se wrongful act or a lawful act done with malice and unjustified in law. *Wausau Underwriters Ins. Co. v. Vulcan Development*, 323 F.3d 396, 404 (6th Cir. 2003). Plaintiff has again failed to allege a wrongful act or some specific, lawful act done with malice. Count X does not sufficiently allege a legitimate cause of action.

### IV.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for default judgment be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health*

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  March 2, 2012
s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on March 2, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: Elizabeth L. Sokol, T. Scott Galloway, Rebecca D. O'Reilly, and Thomas P. VanDusen.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov