UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MICHAEL CUNNINGHAM,

    Plaintiff,

v.

    Case No. 10-13409
    Hon. Gerald E. Rosen
    Magistrate Judge Michael Hluchaniuk

MEC ENTERPRISES, INC. and
RENEE SVETLICK,

    Defendants.
_____/

## ORDER ADOPTING MAGISTRATE
## JUDGE'S REPORT AND RECOMMENDATION
## REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     March 30, 2012

PRESENT: Honorable Gerald E. Rosen
                Chief Judge, United States District Court

On March 2, 2012, Magistrate Judge Michael Hluchaniuk issued a Report and Recommendation ("R & R") recommending that the Court deny Plaintiff's motion for entry of a default judgment against Defendant Renee Svetlick. Plaintiff filed objections to the R & R on March 16, 2012. The Court has now reviewed the R & R, Plaintiff's objections and underlying motion, and the record as a whole. For the reasons stated below, the Court overrules Plaintiff's objections and adopts the R & R as the opinion of this Court, as supplemented by the rulings in the present order.

Although Plaintiff has identified four objections to the R & R, only the last two

warrant discussion. Plaintiff's first objection consists solely of a restatement of the allegations of his complaint relating to Defendant Svetlick, preceded and followed by the cursory assertion that the Magistrate Judge purportedly "failed to consider" these allegations in evaluating Plaintiff's request for a default judgment. Yet, notably lacking from this objection is any specific argument as to how proper consideration of these allegations should have led the Magistrate Judge to conclude that a default judgment was warranted as to one or more of Plaintiff's claims against Defendant Svetlick. Similarly, Plaintiff complains in his second objection that the R & R fails to acknowledge the distinct elements that govern his claims of fraudulent misrepresentation and silent misrepresentation. Again, however, Plaintiff fails to explain how this purported "error" in the R & R, if corrected, should lead to a different outcome from the one recommended by the Magistrate Judge. In particular, Plaintiff does not suggest how the defect identified by the Magistrate Judge in his claims of fraudulent and silent misrepresentation — *i.e.,* the absence of allegations of a fraudulent scheme — would not apply equally to these two theories of recovery, regardless of the distinctions in certain of their elements.

As his third objection, Plaintiff takes issue with the Magistrate Judge's finding that the complaint fails to plead with the requisite particularity a "fraudulent scheme" underlying Plaintiff's claims of fraudulent and silent misrepresentation against Defendant Svetlick. (*See* R & R at 7-8.) In challenging this finding, Plaintiff points to the complaint's allegations that Defendant Svetlick "made representations of fact that she was an authorized agent of [co-Defendant] FBS, that FBS had work which it wanted

Plaintiff to perform, that FBS would pay for that work on the specific terms described in the complaint, that she would facilitate payment from FBS and that she never informed Plaintiff of any facts to the contrary." (Plaintiff's Objections at 7.) In Plaintiff's view, the "fraudulent scheme" suggested by these allegations was a plan "to secure the work from the Plaintiff without paying for it or to invade the contractual relationship or business expectancy between [Plaintiff] and FBS." (*Id.*)

The Court agrees with the Magistrate Judge that Plaintiff has failed to plead his claims of fraudulent and silent misrepresentation against Defendant Svetlick with the particularity demanded under Fed. R. Civ. P. 9(b). These claims rest upon allegations which, distilled to their essence, charge Defendant Svetlick with falsely promising that Plaintiff would be paid for his work in accordance with his alleged arrangement or understanding with Defendant FBS. These allegations provide only the most tenuous basis for claims of misrepresentation, in light of the well established principle of Michigan law that tort claims cannot rest upon the breach of a contractual obligation. *See Fultz v. Union-Commerce Associates,* 470 Mich. 460, 683 N.W.2d 587, 591-93 (2004); *Brock v. Consolidated Biomedical Laboratories,* 817 F.2d 24, 25-26 (6th Cir. 1987). Moreover, to the extent that Plaintiff's misrepresentation claims against Defendant Svetlick rest upon alleged promises of future performance, (*see, e.g.,* Complaint at ¶ 112(a)-(c) (alleging that Defendant Svetlick falsely represented that "FBS would pay [Plaintiff] $15,000 for each job," that "FBS would remit payment to [Plaintiff] in a timely manner," and that "FBS would pay [Plaintiff] $1,000 per month" to rent storage space in

3

a warehouse)), the Michigan Supreme Court has held that "[a] promise regarding the future cannot form the basis of a misrepresentation claim." *Forge v. Smith,* 458 Mich. 198, 580 N.W.2d 876, 884 (1998) (footnote with citations omitted).

Against this backdrop, the Court concurs in the Magistrate Judge's conclusion that Plaintiff's allegations, accepted as true, fail to state viable claims of fraudulent and silent misrepresentation against Defendant Svetlick, such that the entry of a default judgment would be warranted as to these claims. The principal thrust of Plaintiff's allegations is that Defendant Svetlick's alleged assurances contributed to the overall injury for which Plaintiff seeks redress in this case — namely, his alleged performance of over $700,000 in work on behalf of Defendant FBS for which he has yet to be paid. Notably absent from these allegations, however, is any suggestion of any benefit that Defendant Svetlick could hope to derive from the alleged failure of co-Defendant FBS to pay Plaintiff for work he allegedly performed on this corporate defendant's behalf. While the Court acknowledges Plaintiff's point that, absent an opportunity for discovery, he cannot be expected to explain precisely why Defendant Svetlick might have taken the actions attributed to her in the complaint, the ordinary rules of pleading — to say nothing of the heightened standards of Rule 9(b) — demand that Plaintiff's allegations must "plausibly give rise to an entitlement to relief," rather than suggesting "the mere possibility of misconduct." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009).[1] Plaintiff cannot meet this

---

[1] This threshold requirement of plausibility serves to distinguish this case from the one cited by Plaintiff, *Chesbrough v. VPA, P.C.,* 655 F.3d 461 (6th Cir. 2011). In that case, the

standard of plausibility though a mere "formulaic recitation of the elements" of his claims of fraudulent and silent misrepresentation, *Iqbal,* 129 S. Ct. at 1951 (internal quotation marks and citation omitted), but this is all that he offers as to several elements of these claims, (*see, e.g.,* Complaint at ¶¶ 113-15 (bare allegations that Defendant Svetlick's "representations were false when they were made," that she "knew the representations were false," and that she "intended that [Plaintiff] rely on the representations")).

In the end, the allegations of Plaintiff's complaint indicate only that, for reasons unknown, Defendant Svetlick contributed to or played some sort of role in Defendant FBS's alleged breach of contractual or quasi-contractual obligations allegedly owed to Plaintiff. The only "scheme" suggested by these allegations is a plan to secure Plaintiff's performance without paying the promised amount for this work. As explained, such a "tortious breach of contract" claim is not viable under Michigan law, and the Court agrees with the Magistrate Judge that the complaint fails to identify a basis for imposing a substantial judgment of over $700,000 against Defendant Svetlick under the theory that the assurances she made to Plaintiff contributed to this breach.

Plaintiff's fourth and final objection fails on similar grounds. As noted in the R & R, and as Plaintiff recognizes in his objections, in the absence of an allegation of a *per se* wrongful act by Defendant Svetlick, Plaintiff's tortious interference claims against this

---

requisite fraudulent scheme could be inferred from allegations that the defendant medical practice sought reimbursement from the government for services that it allegedly knew had no medical value. *Chesbrough,* 655 F.3d at 468-69. Here, in contrast, the complaint lacks any comparable allegations as to what Defendant Svetlick stood to gain by falsely assuring Plaintiff that he would be paid for the work he allegedly performed on behalf of co-Defendant FBS.

party must rest upon allegations of "the doing of a lawful act with malice and unjustified in law for the purpose of invading the contractual rights or business relationship of another." (R & R at 8 (quoting *Tata Consultancy Services v. Systems International, Inc.,* 31 F.3d 416, 422 (6th Cir. 1994)).) Once again, however, Plaintiff's complaint includes only a "formulaic recitation" of these requisite elements of his tortious interference claims, alleging that Defendant Svetlick acted "maliciously and without justification for the purpose of invading [Plaintiff's] contractual rights" as she failed to submit invoices to Defendant FBS on Plaintiff's behalf despite promising to do so. (Complaint at ¶¶ 152, 164.) As with his misrepresentation claims, Plaintiff offers no factual allegations that would tend to support the plausibility of these assertions of malicious and purposeful conduct, and that would tend to preclude the obvious alternatives — *e.g.,* that Defendant Svetlick acted carelessly in failing to submit invoices, or that she actually submitted invoices on Plaintiff's behalf but Defendant FBS failed or refused to pay them.

     Moreover, Plaintiff's tortious interference claims against Defendant Svetlick, like his claims of misrepresentation against this party, confront an obstacle interposed by Michigan law. According to the complaint, Defendant Svetlick "was and . . . may presently be a regional manager" for co-Defendant FBS. (Complaint at ¶ 7.)[2] To the extent that Defendant Svetlick acted as an agent or employee of Defendant FBS, Plaintiff cannot state a viable claim of tortious interference against her, because "corporate agents

---

[2]The complaint further alleges that Defendant Svetlick signed a lease and took a number of other actions on behalf of FBS. (*See, e.g.,* Complaint at ¶¶ 12, 25, 27, 33, 36, 44.)

are not liable for tortious interference with the corporation's contracts unless they acted solely for their own benefit with no benefit to the corporation." *Reed v. Michigan Metro Girl Scout Council,* 201 Mich. App. 10, 506 N.W.2d 231, 233 (1993).  As discussed above, the allegations of the complaint fail to suggest any personal motive or benefit to Defendant Svetlick arising from the alleged failure of Plaintiff to be paid for work he allegedly performed on behalf of Defendant FBS.  This, then, provides another basis for declining Plaintiff's request to enter a substantial judgment against Defendant Svetlick.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's March 16, 2012 objections to the Magistrate Judge's March 2, 2012 Report and Recommendation are OVERRULED.  IT IS FURTHER ORDERED that, for the reasons stated in the Magistrate Judge's R & R and in the present order, Plaintiff's July 22, 2011 motion for default judgment as to Defendant Renee Svetlick (docket #28) is DENIED.


                                  s/Gerald E. Rosen
                                  Chief Judge, United States District Court

Dated: March 30, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 2, 2012, by electronic mail and upon Renee Svetlick, 125 Midwood Lane, Belmont, NC 28012 by ordinary mail.

                                  s/Ruth A. Gunther
                                  Case Manager